# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM O. SPIVEY, #K-81482, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>ANDRE TAYLOR, )<br>)<br>    Defendant. ) | CIVIL NO. 11-cv-326-JPG |

## MEMORANDUM AND ORDER

**GILBERT District Judge:**

Plaintiff, an inmate currently in the Menard Correctional Center, filed the instant action while he was housed in the Pinckneyville Correctional Center. Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's original complaint, a portion of which is reviewed below, was filed on August 31, 2010, under Case Number 10-cv-689. That complaint contained many unrelated claims brought against a number of Defendants. On March 1, 2011, this Court informed Plaintiff that it would sever the unrelated claims in his complaint into new suits unless he dismissed those claims. When Plaintiff failed to dismiss the claims, the Court severed them, which resulted in the instant action being opened before the Court on April 20, 2011. *See* Doc. 1.

Upon careful review of the complaint and any supporting exhibits, the Court finds that some of the claims in this complaint are subject to dismissal.

**Facts:**

The following version of the facts of this case is gleaned from Plaintiff's complaint (Doc. 3). Plaintiff alleges that Defendant Taylor came to Plaintiff's cell and made threats. These threats involved Plaintiff's sexual orientation and religion. Defendant Taylor allegedly said to Plaintiff, "Hi you faggett Bitch [sic]," "[Taylor] should come in [Plaintiff's] cell and beat [Plaintiff] to death for being gay," and "should have killed all us Jews when the [sic] had the chance to."

Defendant Taylor then refused to bring Plaintiff lunch, and continued to deny Plaintiff meals for two days while Plaintiff was in segregation. During that time, Plaintiff asked Defendant Taylor to provide him with his bible, but Defendant Taylor refused this request.

**Discussion:**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of FED. R. CIV. P. 8(e) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** **Threats**

Plaintiff alleges that Defendant Taylor made threats against him because he is gay and also because he is Jewish. In some circumstances, a threat may rise to the level of cruel and unusual punishment. *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009); *see, e.g., Irving v. Dormire*, 519 F.3d 442, 445, 449-50 (8th Cir. 2008) (pattern of conduct by defendant including allowing another inmate to attack plaintiff, offering to pay other inmates to beat him, providing a weapon to an inmate to use against plaintiff, and labeling plaintiff a "snitch," coupled with repeated verbal death threats, stated a claim); *Northington v. Jackson*, 973 F.2d 1518, 1523-24 (10th Cir. 1992) (prisoner's allegation that correctional officer put a gun to his head and threatened to shoot him stated Eighth Amendment claim); *Burton v. Livingston*, 791 F.2d 97, 100-01 (8th Cir. 1986) (defendant pointed gun at plaintiff, cocked it and threatened to shoot). However, an "idle and laughing threat," or verbal harassment alone, will not give rise to a constitutional claim. *See Northington*, 973 F.2d at 1524; *Dobbey*, 574 F.3d at 446 (brief display of noose by white guard during a card game in officers' control room, in view of African-American plaintiff, was not a credible threat to kill or injure plaintiff).

Courts must apply an objective standard to determine whether a particular threat, given all the circumstances, may amount to a constitutional violation. *Dobbey*, 574 F.3d at 445. The pertinent inquiry is whether a "reasonable" victim would fear for his or her life as a result of the threat; not whether this plaintiff experienced actual fear. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006)).

The statements made by Defendant Taylor, ("Hi you faggett Bitch [sic]," "he should come in my cell and beat me to death for being gay," and "should have killed all us Jews when the [sic] had the chance to"), do not constitute the type of serious threats that would have caused a person of ordinary firmness to fear for his life. Although the statements made by Defendant Taylor were hateful remarks that the Court frowns upon, they amount to verbal harassment, which is not constitutionally actionable by itself. *Dewalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws"). Plaintiff does not allege that he was ever in fear for his life, or that he took these threats seriously. Plaintiff also fails to allege that Defendant Taylor ever exhibited any violence towards Plaintiff, other than these vile remarks. Thus, the Court concludes that these harassing remarks made by Defendant Taylor, unaccompanied by any other indicia of violence, are not sufficient to cause a reasonable plaintiff the level of fear that would amount to a constitutional violation. As such, the Court will dismiss this claim with prejudice.

**COUNT 2:    Meals**

Plaintiff also alleges that Defendant Taylor failed to provide Plaintiff with meals for two days

while Plaintiff was in segregation. Plaintiff claims that this denial amounts to a violation of his Eighth Amendment right to be free from cruel and unusual punishment. To establish a violation of the Eighth Amendment, a prisoner must prove two elements: (1) the deprivation alleged is sufficiently serious such that it resulted in the "denial of the minimal civilized measure of life's necessities" and (2) prison officials knew of a substantial risk to the prisoner but failed to take reasonable steps to prevent the harm from occurring. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

In some circumstances, a prisoner's claim that he was denied food may satisfy the first element (denial of life's necessities) but, as the Seventh Circuit has held, the denial of food is not a *per se* violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation. *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (denial of "identifiable human need such as food" might state an Eighth Amendment violation); *Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011) ("Depriving a person of food for four days would impose a constitutionally significant hardship.") Plaintiff states that he was denied meals for two days while he was in segregation. Like the other inmates who claimed they were denied food in the above cited cases, Plaintiff's claim states a denial of a basic human need, and thus the objective requirement is satisfied in this case.

As to the second step, the subjective inquiry, the Seventh Circuit has recently noted that "[t]he risk that a prisoner might suffer harm as a result of repeatedly being denied meals is sufficiently obvious to permit the inference that the guards were aware of a risk." *Williams v. Schueler*, No. 11-1210, 2011 WL 3702159, at *2 (7th Cir. Aug. 24, 2011). In the case at bar, Plaintiff claims that he was denied meals for two days. Whether this amounts to a "repeated" denial

of meals so as to put prison officials on notice of a risk to his health is not yet clear. The Court also notes that Plaintiff has failed to allege that the denial of food for two days affected his health, or otherwise put him at risk.

Because Plaintiff does not allege that his health was harmed or put at risk due to the two days during which he was denied food, this claim does not rise to the level of a constitutional violation at this point. However, the Court will dismiss this claim without prejudice, and give Plaintiff 14 days to amend his complaint, so that he can inform the Court whether he suffered an injury or was otherwise put at risk due to the denial of food. Should Plaintiff fail to amend his complaint, this dismissal shall become a dismissal with prejudice.

**COUNT 3:   Religion**

Lastly, Plaintiff claims that Defendant Taylor denied him the ability to freely exercise his religion when Taylor denied Plaintiff's requests for his Tanakh, the Jewish bible, for the two days that Plaintiff was in segregation.

The U.S. Supreme Court has recognized that incarcerated individuals retain the right to exercise their religious beliefs. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A prison regulation that infringes on inmates' Constitutional rights is valid "only if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). However, this does not mean that "these rights are not subject to restrictions and limitations." *Bell v. Wolfish,* 441 U.S. 520, 545 (1979).

The Seventh Circuit recognized long ago that "while freedom to believe is absolute, the exercise of religion is not . . . " *Childs v. Duckworth*, 705 F.2d 915, 920 (7th Cir. 1983), and "prison officials may legitimately impose certain restrictions on the practice of religion in prison . . ." where

there is a compelling interest. *Id*. (citations omitted). Legitimate penological interests may include the preservation of security in prison, as well as economic concerns. *See Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). When these concerns are raised as justifications by prison officials for their actions that restrict the practice of religion, the Court looks at four factors to determine whether the restriction is constitutional:

> (1) whether the restriction "is rationally related to a legitimate and neutral governmental objective"; (2) "whether there are alternative means of exercising the right that remain open to the inmate"; (3) "what impact an accommodation of the asserted right will have on guards and other inmates"; and (4) "whether there are obvious alternatives to the [restriction] that show that it is an exaggerated response to [penological] concerns."

*Id*. (citing *Lindell v. Frank*, 377 F.3d 655, 657 (7th Cir. 2004)).

Plaintiff asserts in his complaint that Defendant Taylor denied Plaintiff's requests for his holy book, thereby restricting his ability to practice his religion. However, Plaintiff does not say why Defendant Taylor denied the request. The answer to this question proves to be essential to the outcome of this claim. For example, should Pinckneyville Correctional Center have a policy that disallows inmates in segregation to access their personal property, including religious items, for the purpose of maintaining the safety of the segregation unit, then Defendant Taylor was simply following a policy that was related to a legitimate penological interest. It is also possible that such a policy, if it existed, was so restrictive as to amount to an "exaggerated response" to the safety interest. Furthermore, if there was no policy that demanded the denial, and Defendant Taylor denied the request simply out of spite, then there is a clear constitutional violation.

Because the disposition of this claim cannot be discerned at this early stage in the litigation, the claim will be allowed to proceed for further development.

**Disposition*:*

The Court hereby **DISMISSES** Count One, for making threats, with prejudice. Count Two, for the denial of meals, is **DISMISSED** without prejudice. Plaintiff shall have **14 days** from the date of this order (on or before **October 26, 2011**) to amend Count Two, by filing his First Amended Complaint. Should Plaintiff fail to amend within the allotted time, this dismissal shall become a dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Count Three, for exercise of religion, survives review.

As to the amendment of Count Two, Plaintiff is **ADVISED** that an amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, must include both Count Two and the claims in Count Three, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. If Plaintiff files a First Amended Complaint, he shall serve a copy on Defendant Taylor as directed below.

**IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendant **TAYLOR**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer

or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 12, 2011**

*s/J. Phil Gilbert*
**United States District Judge**