# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM SPIVEY, )
)
       Plaintiff, )
)
   vs. ) Case No. 11-cv-326-JPG-PMF
)
ANDRE TAYLOR, )
)
       Defendant. )

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Taylor's motion to dismiss, which targets portions of plaintiff William Spivey's pro se complaint (Doc. No. 18). At this time, Spivey is proceeding against defendant Andre Taylor on one § 1983 claim, based on the First Amendment's guarantee of free exercise of religious beliefs (Count 3). Taylor answered that claim (Doc. No. 17). In this motion, Taylor challenges four additional claims which he believes Spivey may have made in his complaint:

    (1). A claim for injunctive relief

    (2). A claim for relief under the Illinois Human Rights Act

    (3). A claim for relief under the Illinois Religious Freedom Reformation Act

    (4). A claim for relief under the Religious Land Use and Institutionalized Persons Act

Taylor suggests that these additional claims should now be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits dismissal when a pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Taylor believes the claims listed above fail to state a basis for relief, are moot, or are barred by the Eleventh Amendment.

The motion is opposed (Doc. No. 34). Spivey argues that he has evidence and deserves an opportunity to prove that Taylor violated state and federal law. He further argues that the Eleventh Amendment does not protect Taylor from liability for his misconduct, that administrative remedies have been exhausted, and that he may proceed under the First Amendment and the Federal Religious Freedom Restoration Act.

Before considering the additional claims discussed by the parties, the Court considers the screening performed by the Honorable J. Phil Gilbert in October, 2011. At that time, Spivey's complaint and supporting materials were evaluated and cognizable claims were identified (Doc. No. 10). 28 U.S.C. § 1915A. The standard used to identify and evaluate claims during a § 1915A screening is the same standard used to evaluate the merits of a motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Westerfer v. Snyder*, 422 F.3d 570, 574 (7th Cir. 2005). Hence, Taylor is asking the Court to review the same pleading a second time and apply the identical standard that was used when the pleading and other materials were initially screened.

A second analysis of Spivey's complaint is unnecessary. During the initial screening, Spivey's cognizable claims against Taylor were separated into Counts. Spivey was authorized to proceed on Count 3 – a § 1983 claim that Taylor deprived Spivey of his First Amendment right to free exercise of religion (Doc. No. 10). Count 3 represents the only cognizable claim for relief against Taylor. There are no additional cognizable federal or state claims left to evaluate under Rule 12(b)(6).

Taylor also seeks a ruling that Spivey's request for injunctive relief is moot. In his response, Spivey does not suggested that he seeks injunctive relief as a remedy for Count 3. Count 3

challenges specific conditions Spivey experienced while he was confined at Southwestern Illinois Correctional Center. Because Spivey was transferred to Pinckneyville Correctional Center before he filed his complaint, there is no basis to infer that Count 3 includes a prayer for injunctive relief. This argument also addresses a moot point.

IT IS RECOMMENDED that the motion to dismiss (Doc. No. 18) be DENIED as moot. This action should proceed on the First Amendment free exercise claim (Count 3) in accordance with the analysis reported in the October 12, 2011, Order (Doc. No. 10).

SUBMITTED:   March 27, 2012   .

   S/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**