IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM O. SPIVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.s. ) | Case No. 3:11-00326-JPG-PMF |
| ) | |
| ANDRE TAYLOR, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are cross motions for summary judgment (Doc. Nos. 51, 59). Plaintiff William Spivey filed this § 1983 action challenging the conditions of his former confinement in the segregation unit at Southwestern Illinois Correctional Center. Specifically, Spivey claims that he suffered a violation of his First Amendment right to free exercise of religion in May, 2010. He alleges that defendant Andre Taylor was a correctional officer at that facility and told him that he could not have his Tanakh, his Jewish Bible.

Plaintiff's motion is not supported by any evidence and is opposed (Doc. Nos. 53, 68). Defendant's motion is supported by his affidavit. While plaintiff was notified of the consequences of a failure to respond to the defense motion for summary judgment (Doc. No. 67), a timely response was not filed.

Summary judgment will be entered if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

>The First Amendment to the U.S. Constitution provides:
>
>Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceable to assemble, and to petition the Government for a redress of grievances.

U.S. Const. amend. I.  Although the right is not unfettered, prisoners retain their right to exercise religious beliefs.  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-49 (1987).  While beliefs must be sincere and religiously motivated in order to be protected by the First Amendment, they need not be of an orthodox variety.  *Grayson v. Schuler*, 666 F.3d 450, 454-55 (7th Cir. 2012).

The facts established by materials in the record are as follows.  In 2010, Andre Taylor was employed by the Illinois Department of Corrections as a correctional officer, assigned to the segregation unit at Southwestern Illinois Correctional Center.  Plaintiff spent some time in the segregation unit during the month of March.  Spivey did not ask Taylor for a bible or any other religious material while he was housed in the segregation unit.  When inmates are transferred to segregation, they are allowed to keep some of their personal belongings, including bibles.  The usual procedure for new arrivals in segregation is for inmate property to be searched first.  Items that are permitted in the segregation unit -- including a bible if the inmate has one -- are distributed as soon as possible. If Spivey had asked Taylor to distribute religious material, Taylor would have informed Spivey that the Chaplain handles all religious requests.  The Chaplain visits inmates confined to the segregation unit at least once per week (Doc. Nos. 17, 60-1).

The threshold issue is whether any admissible evidence demonstrates that there was a government invasion of Spivey's religious freedom.  That is, the Court must first determine whether defendant Taylor engaged in an act that prohibited or infringed at least one of Spivey's sincerely held religious beliefs.  A person's religious beliefs are individual.  *Ortiz v. Downley*, 561 F.3d 664, 669 (7th Cir. 2009).  Hence, any determination of the sincerity of Spivey's

religious beliefs is factual in nature and requires some evidentiary support.

Spivey has not pointed to or presented admissible evidence that would support a finding that he sincerely held any particular beliefs that are religious in nature, that he made a request to Taylor in an effort to exercise his religious belief, or that some act or decision by Taylor burdened, prohibited, or infringed Spivey's exercise a religious belief. At the summary judgment stage of judicial proceedings, unsworn assertions do not suffice. *Sow v. Fortville Police Dept*., 636 F.3d 293, 301(7th Cir. 2011)("[A] court may consider only admissible evidence in assessing a motion for summary judgment"). Material facts must be established through depositions, documents, electronically stored records, affidavits, declarations, stipulations, admissions, interrogatory answers, or another form of admissible evidence. Fed. R. Civ. P. 56(c)(1); *Hemsworth v. Quotesmith.Com, Inc.,* 476 F.3d 487, 490 (7th Cir. 2007).

Because Spivey has not presented his declaration, the declaration of a witness, or any documents, records, affidavits, or admissible evidence supporting his allegations and permitting a finding that Taylor obstructed his effort to practice his religious faith, summary judgment in favor of Taylor is warranted. *See McRoy v. Cook County Dept. of Corrections*, 366 F.Supp 2d 662, 682 (N.D.Ill. 2005)(plaintiff failed to present admissible evidence satisfying the threshold inquiry that his right to freely exercise his faith was burdened).

IT IS RECOMMENDED that defendant Andre Taylor's motion for summary judgment (Doc. No. 59) be GRANTED and that plaintiff William O. Spivey's motion for summary judgment (Doc. No. 51) be DENIED. Judgment should be entered in favor of Taylor on Count 3, the only claim remaining for decision.

SUBMITTED:   October 19, 2012   .

  s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**