UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM SPIVEY,

        Plaintiff,

    v.                                                                            Case No. 11-cv-326-JPG-PMF

ANDRE TAYLOR,

        Defendant.

## MEMORANDUM AND ORDER

      This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 76) of Magistrate Judge Philip M. Frazier recommending that the Court grant defendant Andre Taylor's motion for summary judgment (Doc. 59) and deny plaintiff William Spivey's motion for summary judgment (Doc. 51). Spivey did not attach evidentiary material to his motion and did not respond to Taylor's motion, which had evidentiary support in the form of an affidavit.

      The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

      The Court has received from Spivey a document labeled as a response to the Report (Doc. 84), which the Court construes as an objection to the Report. Spivey claims that on July 16, 2012, ten days after Taylor filed his motion for summary judgment, he filed an "affidavit" (Doc. 65) with the Court containing information to oppose Taylor's motion. The Court has reviewed the "affidavit" and finds that it is insufficient to withstand summary judgment even if it had been

considered in response to Taylor's motion.

It is well-established that in ruling on a motion for summary judgment, the Court considers only evidence that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009); *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000). To be used at the summary judgment stage, testimony must be sworn, for example, in an affidavit or deposition, or declared as true under penalty of perjury pursuant to 28 U.S.C. § 1746. If it is not, the Court must disregard it. *See Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985); *see, e.g., Garner v. Kinnear Mfg. Co.*, 37 F.3d 263, 268-69 (7th Cir. 1994).

Spivey's filing must be disregarded at the summary judgment stage. It is not an affidavit because he did not swear to it. An affidavit is a written statement the truth of which is sworn to before someone authorized to administer oaths. *Pfeil*, 757 F.2d at 859. Nor did he declare his statement under penalty of perjury pursuant to 28 U.S.C. § 1746. Spivey's filing is nothing more than allegations of his version of what happened between him and Taylor on March 10, 2010, when Spivey was transferred to segregation.

Spivey was not ignorant of the requirement that testimony be sworn or declared under penalty of perjury before it can be used to withstand a summary judgment motion. Pursuant to *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982), on July 25, 2012, the Court warned Spivey of the need for admissible evidence, affidavits or other documents to counter the facts asserted in the materials submitted in support of the summary judgment motion or to otherwise demonstrate that a material fact is genuinely disputed (Doc. 67). It further notified him that affidavits and declarations must be made on personal knowledge, and it provided him a copy of Federal Rule of Civil Procedure 56. Finally, it extended the deadline to respond to Taylor's motion to August 24, 2012. In light of this notice, Spivey should have realized his "affidavit" submitted on July 16,

2012, was insufficient to counter Taylor's motion for summary judgment and should have sought leave to amend his "affidavit" by the August 24, 2012, deadline.

The Court notes that Spivey is an experienced litigant. He has pursued 15 cases in this court since 2010. Throughout this litigation he has pointed to numerous statutes and rules and has been able to communicate his arguments to the Court in a comprehensible way. The Court believes he was well able to understand and appreciate the Court's *Lewis v. Faulkner* notice and to craft an affidavit or declaration adequate to counter Taylor's summary judgment motion.

Furthermore, the Court has reviewed the entire file *de novo* and finds that, even if Spivey's July 16, 2012, affidavit were considered in response to Taylor's motion, he has not pointed to evidence that his right to exercise his religion has been substantially burdened where, for two days, Taylor refused to provide him his Tanakh after he asked for it and where Spivey had the ability to request a Tanakh from the prison chaplain. *See Nelson v. Miller*, 570 F.3d 868, 878 (7th Cir. 2009) (citing *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 718 (1981)).

For the foregoing reasons, the Court concludes that the Report is correct. Accordingly, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 76);
- **GRANTS** Taylor's motion for summary judgment (Doc. 59)
- **DENIES** Spivey's motion for summary judgment (Doc. 51);
- **DENIES as moot** the remaining motions in this case (Docs. 79, 80 & 86); and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  November 6, 2012**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**